UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES W. BROWN AND ) | |
| PATTY N. BROWN, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-600-G |
| ) | |
| NEWFIELD EXPLORATION ) | |
| MID-CONTINENT, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is the Partial Motion to Dismiss (Doc. No. 25) filed by Defendant Newfield Exploration Mid-Continent, Inc. Plaintiff has responded in opposition (Doc. No. 27) and Defendant has replied (Doc. No. 29). Having reviewed the parties' submissions and the relevant record, the Court makes its determination.

### SUMMARY OF THE PLEADINGS

Plaintiff initiated this action on June 11, 2019, in the District Court of Stephens County, Oklahoma. Following removal, Plaintiff filed an Amended Complaint asserting claims for breach of contract, negligence, unjust enrichment, and violation of Oklahoma's Production Revenue Standards Act, Okla. Stat. tit. 52, § 570.1 *et seq.* ("PRSA"). *See* Am. Compl. (Doc. No. 24).

Plaintiff alleges that it is the owner of certain mineral interests located in Section 19, Township 1 North, Range 4 West, Stephens County, Oklahoma ("Section 19"). *See id.* ¶ 5. During the relevant period, Plaintiff leased its mineral interests to nonparty

Heritage Resources – NonOp, LLC ("Heritage") pursuant to certain oil and gas lease agreements attached to the pleading (the "Lease Agreements"). *Id.* ¶ 6. Under the terms of the Lease Agreements, Plaintiff is entitled to receive one quarter of the gross proceeds from the hydrocarbons produced from its leased premises, free of all costs except taxes. *Id.* ¶ 8.

Defendant completed multiple horizontal wells in Section 19. *Id.* ¶¶ 9, 10. Plaintiff alleges that Defendant, as the operator of the wells, was responsible for paying Plaintiff's royalties but initially did not pay any royalties to Plaintiff and then misidentified Plaintiff's royalty interest as a one-eighth rather than a one-fourth interest. *Id.* ¶¶ 11-12. Though Defendant has since corrected its error and remitted payment, Plaintiff contends that Defendant failed to include the mandatory interest for untimely payments required under the PRSA. *Id.* ¶¶ 13-15.

Defendant initially sought dismissal of Plaintiff's claims for breach of contract, negligence, unjust enrichment, and (to the extent such a claim is alleged) underpayment of royalties based on improper cost deductions. *See* Def.'s Mot. (Doc. No. 25), at 4-7. Following the Motion's submission, however, Defendant advised the Court that the parties had reached a resolution on the PRSA, negligence, and unjust enrichment claims; thus, the only claims remaining for consideration are the breach-of-contract and cost-deductions claims. *See* Notice (Doc. No. 31).

## STANDARD OF DECISION

In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most

favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

### I. Breach of Contract

Defendant contends that Plaintiff fails to state a cognizable claim for breach of contract because it has not identified a contract to which Defendant is a party. *See* Def.'s Mot. at 4 (arguing that "the Complaint does not identify a contract between Plaintiff and [Defendant] that was allegedly breached," but instead "alleges that [Defendant] breached the terms of Plaintiff's lease <u>with Heritage</u> by failing to pay Plaintiff" the amount due under that lease). Plaintiff does not dispute that Defendant is not a signatory to the Lease Agreements but contends that Defendant is "the operator of record pursuant to the [Oklahoma Corporation Commission's] orders" and that Defendant thereby "agreed to, or otherwise assumed, the obligation to comply with the terms of the contract (i.e. [Plaintiff's] lease with Heritage)." Pl.'s Resp. (Doc. No. 27) at 8.

3

To establish a breach-of-contract claim under Oklahoma law, Plaintiff must show "(1) the formation of a contract, (2) breach of the contract, and (3) damages as a result of that breach." *Cates v. Integris Health, Inc.*, 412 P.3d 98, 103 (Okla. 2018); *see CRB Res. Inc. v. Newfield Expl. Mid-Continent Inc.*, No. CIV-16-1270-R, 2018 WL 4101523, at *4 (W.D. Okla. Aug. 28, 2018). As relevant here, "[c]ontracts are binding only upon those who are parties thereto." *Wells Fargo Bank, N.A. v. Health*, 280 P.3d 328, 334 (Okla. 2012) (internal quotation marks omitted). If a contract is assigned, the "assignee stands in the shoes of the assignor, and acquires all of the assignor's rights and liabilities in the assignment." *Mountain States Fin. Res. Corp. v. Agrawal*, 777 F. Supp. 1550, 1552 (W.D. Okla. 1991).

Defendant is not a signatory to the Lease Agreements, and Plaintiff pleads no facts plausibly suggesting an assignment or assumption of Heritage's obligations thereunder. *See Chieftain Royalty Co. v. Dominion Okla. Tex. Expl. & Prod., Inc.*, No. CIV-11-344-R, 2011 WL 9527717, at *2 (W.D. Okla. July 14, 2011) ("[T]o state plausible claims for breach of oil and gas leases . . . Plaintiffs must identify or describe their individual leases in which Defendant . . . is the lessee or successor lessee."); *James Energy Co. v. HCG Energy Corp.*, 847 P.2d 333, 338 (Okla. 1992) ("Where [an oil and gas] lease must be in writing, the assignment of that lease must also be in writing."); *see also Sultan Oil Co. v. Trinity Operating (USG), LLC*, No. CIV-19-175-CBG, 2020 WL 3106313, at *1-2 (E.D. Okla. June 11, 2020) (holding signatures on lease agreement unnecessary for purposes of contractual liability where pleading alleged that the defendants had acquired the agreements "by mesne assignments of record" and provided descriptions of the assignment

instruments (internal quotation marks omitted)).  The Court rejects Plaintiff's unsupported contention that Defendant, simply by reason of its status as operator, may be held liable for breach of contract based on a failure to fulfill Heritage's contractual duties under the Lease Agreements.

Because Plaintiff fails to plausibly allege the existence of a contractual relationship or obligation between it and Defendant, Plaintiff's breach of contract claim is dismissed.

II.     *Improper Cost Deductions*

Defendant next argues that Plaintiff fails to state a plausible claim for underpaid royalties based on improper cost deductions.  The Court agrees.  The sole relevant allegation states merely that Defendant "breached the terms of [the Agreements] by failing to pay [Plaintiff] a one-fourth (1/4) royalty on [Plaintiff's] proportionate share of gross production, free from deduction of costs and expenses, from the wells drilled and completed in Section 19."  Am. Compl. ¶ 17; *see* Pl.'s Resp. at 11.  Plaintiff does not specify which "costs" were improperly deducted or provide any facts that might place Defendant on notice of its alleged misconduct.  *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).  Plaintiff's solitary and unadorned reference to "costs" fails to provide the factual context required under *Twombly/Iqbal* to state a plausible claim for relief.

Moreover, Plaintiff's improper-cost-deductions claim sounds in contract, and the Court has already determined that Plaintiff has failed to allege a contractual relationship with Defendant.  *See, e.g., Naylor Farms, Inc. v. Chaparral Energy, LLC*, 923 F.3d 779,

783, 785-86 (10th Cir. 2019); *Howell v. Texaco Inc.*, 112 P.3d 1154, 1157, 1160 (Okla. 2004).

   III.   *Plaintiff's Request for Leave to Amend*

In its Response to Defendant's Motion, Plaintiff requests leave to amend its Amended Complaint, should the Court grant Defendant's Motion. *See* Pl.'s Resp. at 5. The Court's local rules prescribe that "[a] party moving under Fed. R. Civ. P. 15(a)(2) to amend a pleading . . . must attach the proposed pleading as an exhibit to the motion." LCvR 15.1.

Accordingly, Plaintiff's request for leave to amend is denied without prejudice to the submission of a motion that complies with Local Civil Rule 15.1. In reviewing any proposed amendment, the Court will consider whether Plaintiff "fail[ed] to cure deficiencies by amendments previously allowed" and whether the amendment would be futile. *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019).

## CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss (Doc. No. 25) is GRANTED IN PART and DENIED IN PART as follows:

1) Defendant's Motion is GRANTED as to Plaintiff's claims for breach of contract and underpayment of royalties based on allegedly improper cost deductions, and the Court DISMISSES these claims without prejudice.

2) The Court DENIES as moot Defendant's request for dismissal of Plaintiff's negligence and unjust enrichment claims. The parties are ADVISED that Plaintiff's negligence, unjust enrichment, and PRSA claims remain before the

Court pending the submission of a notice or stipulation of voluntary dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A).

3) Plaintiff's request for leave to amend is DENIED without prejudice. Any motion for leave to amend shall comply with Local Civil Rule 15.1 and shall be filed no later than March 31, 2021.

IT IS SO ORDERED this 17th day of March, 2021.

*/s/ Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge