## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CHARLES W. AND** | ) | |
| **PATTY N. BROWN, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-19-600-G** |
| | ) | |
| **NEWFIELD EXPLORATION** | ) | |
| **MID-CONTINENT, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Now before the Court is a Partial Motion to Dismiss (Doc. No. 39) filed by Defendant Newfield Exploration Mid-Continent, Inc.  Plaintiff Charles W. and Patty N. Brown, LLC has responded in opposition (Doc. No. 43), and Defendant has replied (Doc. No. 45).  Having reviewed the parties' submissions and the relevant record, the Court makes its determination.

### BACKGROUND AND SUMMARY OF THE PLEADINGS

Plaintiff initiated this lawsuit on June 11, 2019, in the District Court of Stephens County, Oklahoma.  Defendant removed the action to this Court shortly thereafter.

Plaintiff alleges that it is the owner of certain mineral interests located in Section 19, Township 1 North, Range 4 West, Stephens County, Oklahoma ("Section 19").  *See* Second Am. Compl. (Doc. No. 38) ¶ 5.  During the relevant period, Plaintiff leased its mineral interests in Section 19 to nonparty Heritage Resources – NonOp, LLC ("Heritage")

pursuant to certain oil and gas lease agreements (the "Lease Agreements"). *Id.* ¶ 6; *see* Second Am. Compl. Exs. 1, 2 (Doc. Nos. 38-1, 38-2).

Per Plaintiff's pleading, "Section 19 is spaced as a 640-acres drilling unit as to the common sources of supply related to the wells at issue in this case." Second Am. Compl. ¶ 7. Pursuant to an Oklahoma Corporation Commission Pooling Order, Defendant became the operator of record for drilling in Section 19. *Id.* ¶ 8; *see* Second Am. Compl. Ex. 3 (Doc. No. 38-3).

Plaintiff alleges that Heritage owns an interest in Section 19 and elected to participate in drilling as provided by the Pooling Order. *See* Second Am. Compl. ¶¶ 9, 11. Defendant drilled and completed multiple horizontal wells in Section 19, which "include" Plaintiff's minerals or mineral interests. *Id.* ¶¶ 10, 14. Defendant "recognizes Heritage as a working interest owner in the wells drilled in Section 19 and is paying Heritage" pursuant to the Lease Agreements. *Id.* ¶ 11.

Plaintiff alleges that the Lease Agreements entitle it to receive a royalty of one-fourth of the gross proceeds from the production and sales of the hydrocarbons produced in Section 19, "free of all costs except taxes." *Id.* ¶ 13. Prior to the initiation of this lawsuit, Defendant had not paid Plaintiff the royalties owed pursuant to the Lease Agreements. *Id.* ¶ 14. On February 20, 2020, Defendant issued a payment to Plaintiff "purporting to cover production sales from the wells from June 1, 2018 through December 1, 2019." *Id.* ¶ 15.

The Second Amended Complaint asserts four claims against Defendant: (1) breach of contract; (2) violation of the Oklahoma Production Revenue Standards Act, Okla. Stat. tit. 52, §§ 570.1 et seq.; (3) negligence; and (4) unjust enrichment. *See id.* ¶¶ 4-38. Plaintiff

seeks an accounting, actual damages, and punitive damages, as well as costs and fees. *See id.* ¶¶ 21-22, 26, 33, 38.

Defendant seeks partial dismissal of the pleading pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Defendant argues that Plaintiff fails to state claims upon which relief can be granted with respect to Plaintiff's claims for breach of contract and for negligence. *See* Def.'s Mot. at 3-5, 6-7. Defendant also argues that "any purported claim for taking allegedly improper cost deductions when calculating and paying royalty should be dismissed, as the Complaint fails to provide fair notice of such claim or the grounds on which it rests." *Id.* at 3, 5-6.

## STANDARD OF DECISION

In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in the pleading, the court discusses the essential elements of each alleged cause of action to better "determine whether [the plaintiff] has set forth a plausible claim." *Id.* at 1192.

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted).  Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

### I.    *Plaintiff's Claim for Breach of Contract*

Plaintiff's breach of contract claim asserts that "[b]y way of Heritage's election to participate under the Pooling Order and [Defendant's] position as operator of record, [Defendant] is obligated to honor Plaintiff's Leases."   Second Am. Compl. ¶ 17. Specifically, Plaintiff relies on the Lease Agreements to argue that Defendant is required to pay royalties "free of all costs except taxes" but that Defendant instead has been improperly charging or deducting certain costs from those royalty payments. *Id.* ¶¶ 13, 18-20.

Defendant contends that Plaintiff fails to state a cognizable claim for breach of contract because Defendant is not a party to the Lease Agreements.  *See* Def.'s Mot. at 3 ("Plaintiff has failed . . . to identify a contract between Plaintiff and [Defendant] that [Defendant] allegedly breached.").   Defendant argues that, to the contrary, Plaintiff "alleges that [Defendant] breached the terms of Plaintiff's lease *with Heritage* by 'wrongfully failing to pay Plaintiff as required by [the Lease Agreements].'"  *Id.* at 5 (alterations omitted) (quoting Second Am. Compl. ¶ 20).

Plaintiff does not dispute that Defendant is not a signatory to the Lease Agreements executed between Plaintiff and Heritage.  *See* Pl.'s Resp. at 4.  Plaintiff suggests, however,

that Defendant is bound to the terms of the Lease Agreements, entitling Plaintiff "to a royalty payment free from costs," solely by virtue of Defendant's position as the operator of record for Section 19. *Id.* Plaintiff also points to division orders[1] reflecting Plaintiff's ownership of an interest in Section 19 as a basis for Defendant's alleged obligation to adhere to the Lease Agreements. *See id.*; Pl.'s Resp. Exs. 1, 2 (Doc. Nos. 43-1, 43-2).

To establish a breach of contract claim under Oklahoma law, Plaintiff must show "(1) the formation of a contract, (2) breach of the contract, and (3) damages as a result of that breach." *Cates v. Integris Health, Inc.*, 412 P.3d 98, 103 (Okla. 2018); *see CRB Res. Inc. v. Newfield Expl. Mid-Continent Inc.*, No. CIV-16-1270-R, 2018 WL 4101523, at *4 (W.D. Okla. Aug. 28, 2018). As relevant here, "[c]ontracts are binding only upon those who are parties thereto." *Wells Fargo Bank v. Heath*, 280 P.3d 328, 334 (Okla. 2012) (internal quotation marks omitted).

Defendant is not a signatory to the Lease Agreements, and Plaintiff pleads no facts plausibly suggesting an assignment or assumption of Heritage's obligations thereunder. *See Chieftain Royalty Co. v. Dominion Okla. Tex. Expl. & Prod., Inc.*, No. CIV-11-344-R, 2011 WL 9527717, at *2 (W.D. Okla. July 14, 2011) ("[T]o state plausible claims for breach of oil and gas leases . . . Plaintiffs must identify or describe their individual leases in which Defendant . . . is the lessee or successor lessee . . . ."); *see also James Energy Co.*

---

[1] "A division order is an instrument for the purpose of directing the distribution of proceeds from the sale of oil, gas, casinghead gas or other related hydrocarbons which warrants in writing the division of interest and the name, address and tax identification number of each interest owner with a provision requiring notice of change of ownership." Okla. Stat. tit. 52, § 570.11.

5

*v. HCG Energy Corp.*, 847 P.2d 333, 338 (Okla. 1992); *Sultan Oil Co. v. Trinity Operating (USG), LLC*, No. CIV-19-175-CBG, 2020 WL 3106313, at *1-2 (E.D. Okla. June 11, 2020).  The Court again rejects Plaintiff's contention that Defendant, simply by reason of its status as operator, may be held liable for breach of contract based on a failure to comply with payment obligations imposed by the Lease Agreements.  *See* Order of Mar. 17, 2021 (Doc. No. 32) at 5; *see also CRB Res.*, 2018 WL 4101523, at *4 ("In issuing Pooling Order 646542 the Corporation Commission utilized its police powers; it did not create a contract between Plaintiffs and Defendant." (citation omitted)).  Further, even assuming the Court could properly consider the division orders attached to Plaintiff's Response on a Rule 12(b)(6) motion,[2] any party privity on those separate instruments does not establish a plausible claim that Defendant breached the Lease Agreements.

Because Plaintiff fails to plead the existence of a relevant contract between it and Defendant, Plaintiff's breach of contract claim must be dismissed.

## II.   *Improper Cost Deductions*

As referenced, the Second Amended Complaint alleges that Defendant "improperly charg[ed] or deduct[ed]" certain costs from its royalty payments.  Second Am. Compl. ¶ 19.  More specifically, Plaintiff alleges:

> Upon review of the February 20, 2020 [Defendant] payment, subsequent payments, and other documents obtained from [Defendant], [Defendant] has improperly charged or deducted, either directly or indirectly, certain costs necessary to transform raw hydrocarbon production from the wells holding Plaintiff's Leases into a marketable product.  As an example, though by no means intended to be an exhaustive list, transportation and fractionation costs

---

[2] The Second Amended Complaint does not reference or incorporate the division orders or assert any liability on Defendant's part with respect to those orders.

are being deducted which is a cost to [be] born[CG1][e] by the working interest owners, not [Plaintiff].

*Id.* ¶ 18; *see also id.* ¶ 12 (alleging that Defendant has an agreement with an unidentified third party where Defendant is charged for the third party's gathering and processing of raw hydrocarbons).

Defendant contends that Plaintiff should not be permitted to pursue relief for any allegedly improper deductions beyond the transportation and fractionation costs expressly identified in the pleading.  *See* Def.'s Mot. at 5-6.  Defendant argues that it "has not been provided fair notice of the nature of" any other allegedly improper deductions, as required under *Twombly*.  Def.'s Reply at 3-4; *see Twombly*, 550 U.S. at 555 (citing Fed. R. Civ. P. 8(a)(2)).  Plaintiff responds that without the benefit of discovery, it is unable to provide an exhaustive list of all costs that are being deducted, and that the Second Amended Complaint sufficiently puts Defendant on notice as to Plaintiff's allegation.  *See* Pl.'s Resp. at 5.

To the extent Plaintiff relies on Defendant's improper deductions as support for Plaintiff's breach of contract claim, Defendant's argument is moot.  Plaintiff fails to state a claim for breach of contract upon which relief can be granted, as outlined above.

To the extent Plaintiff cites the improper royalty deductions to plead its remaining claims, the Court concludes that the current iteration of Plaintiff's pleading "raise[s] a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555; *see, e.g.*, Second Am. Compl. ¶¶ 18-19, 26-27.  While minimal, Plaintiff's allegations provide sufficient notice to Defendant of the basis of the alleged liability at this initial pleading stage.

III.     *Plaintiff's Negligence Claim*

Under Oklahoma law, "[t]o support an actionable claim for negligence, a plaintiff must establish the concurrent existence of: a duty on the part of the defendant to protect the plaintiff from injury; a failure of the defendant to perform that duty; and an injury to the plaintiff resulting from the failure of the defendant." *Krokowski v. Henderson Nat'l Corp.*, 917 P.2d 8, 11 (Okla. 1996). Plaintiff's negligence claim asserts that Defendant has violated its duties to Plaintiff "to operate the wells within Section 19 in a prudent manner," "to act in good faith," and to "pay [Plaintiff] properly each month." Second Am. Compl. ¶¶ 28-31. Plaintiff alleges that it has been damaged by Defendant's negligence "in an amount in excess of $30,000." *Id.* ¶ 32.

Defendant asserts that this claim must be dismissed, arguing that the pleading fails to plausibly allege "how [Defendant] allegedly breached any duty, the circumstances supposedly giving rise to a breach, and the damages Plaintiff allegedly suffered as a result." Def.'s Mot. at 6 (footnote omitted). Plaintiff objects, citing authority for the proposition that "a unit operator" such as Defendant "'has a duty to operate the leaseholds as a unit and to safeguard the correlative rights of various interest holders.'" Pl.'s Resp. at 6 (quoting *Fransen v. Conoco, Inc.*, 64 F.3d 1481, 1487 (10th Cir. 1995)); *see also Krug v. Helmerich & Payne, Inc.*, 320 P.3d 1012, 1018 (Okla. 2013). Plaintiff argues that Defendant's "duty to protect and acknowledge Plaintiff's royalty interest" included proper payment of the royalty fees and that Defendant has continued to breach this duty. Pl.'s Resp. at 6.

Having considered the pleading and the applicable Rule 12(b)(6) standards, the Court concludes that Plaintiff has "plead[ed] factual content that allows the court to draw

the reasonable inference that [Defendant] is liable for the misconduct alleged." *Iqbal*, 556

U.S. at 678.  Taken in context, Plaintiff's allegations plausibly show negligence on the part

of Defendant with respect to the well operation and royalty payments and permit this claim

to survive dismissal.

CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss (Doc. No. 39) is

GRANTED IN PART and DENIED IN PART as follows:

1. Defendant's Motion is GRANTED as to Plaintiff's claim for breach of contract,
   and this claim is DISMISSED without prejudice; and

2. Defendant's Motion is otherwise DENIED.

IT IS SO ORDERED this 28th day of March, 2023.

CHARLES B. GOODWIN
United States District Judge